IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY L. LIBERTUS,

        Plaintiff,

vs.

        Case No. 04-1128-JTM

JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

      Plaintiff Danny Libertus has applied for disability insurance benefits. His application was denied by the ALJ on December 17, 2003, a decision affirmed by the Appeals Council on March 19, 2004. There are three allegations of error by Libertus. First, that the ALJ failed to make a proper credibility determination under Social Security Ruling 96-7p. Second, that the ALJ erred in improperly discounting the opinion of his treating nurse, Marcia Hendricks. Third, that the ALJ violated Ruling 96-80 when the ALJ failed to consider the effect of Libertus's alleged severe impairments.

      Plaintiff-claimant Libertus has stated that he has been disabled since August 17, 2001, due to coronary artery disease, diabetes, hypertension, tremors, throat irritation, and depression. He was 48 years old at the time the alleged disability began. Libertus had a heart attack in 1991, but, after a cardiac catheterization in November, 1999, he had no further heart treatment prior to the hearing before the ALJ. The ALJ concluded that Libertus was severely impaired due to his coronary artery

disease, the chronic irritation of the larynx and pharynx, heavy alcohol abuse, and arm tremors and cramps.  He was also impaired, though not severely, by diabetes, hypertension, and gastritis, all controlled by medication, and by mild depression.  The ALJ determined that Libertus did not meet any listed impairment (Tr. 17), and that he had an RFC which would allow him to perform a range of light, unskilled work, with lifting or carrying ten pounds often, and twenty pounds occasionally, sitting for six hours out of an eight-hour-day, and standing or walking to the same extent.  He should not be exposed to extreme temperatures, do overhead work or fine finger work, or (because of his hoarseness) work with the general public. (Tr. 18-19).  The ALJ ultimately concluded that Libertus could perform a range of light work jobs which existed in significant numbers, including photocopy operator, electronic inspector, or surveillance monitor.  The detailed facts, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 14-20), the brief of Libertus (Dkt. No. 7, at 3-11), and the Commissioner's response (Dkt. No. 8, at 1-6).

The court finds first that Libertus has not demonstrated any error in the ALJ's credibility assessment, which was rendered consistent with the standards set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and Social Security Ruling (SSR) 96-7p. The ALJ set forth the grounds for his credibility determination, and the court finds those grounds are legitimate and supported by substantial evidence.

The ALJ reviewed the objective medical evidence, along with Libertus's daily activities, his medication, and his demeanor at the administrative hearing.  No doctor has diagnosed Libertus as disabled.  Although Libertus reported his elbow "lock[ing] up" in 2001, an x-ray showed no abnormality.  While Libertus has stated he has trouble reading and writing, the ALJ noted that Libertus had filled out various forms appropriately, and handled his own finances and bills.  He has

stated he has difficulty sitting because of his back, but the ALJ personally noted his observation that Libertus had no apparent difficulty during the hearing. The daily living statements completed by Libertus — showing that he drives, vacuums, mows his lawn, shops for groceries, reads periodicals, and handles his own finances — did not reveal significant limitations. (Tr. 16). The ALJ's credibility determinations are supported by substantial evidence, and those determinations will not be supplanted by this court.

Libertus complains that the ALJ erred in refusing to give full allowance to the statement of Marcia Hendricks. But while the Commissioner must indeed give considerable deference to the opinions of treating physicians, no such deference is due a nurse practitioner, such as Ms. Hendricks. 20 C.F.R. 404.1513(a). The ALJ discounted Hendricks's opinion because her opinions were not adequately grounded in the contemporaneous treatment notes. The court finds no error in the decision of the ALJ not to give great or controlling weight to Hendricks's statement.

Finally, the court finds that the ALJ properly assessed Libertus's RFC. The ALJ discussed Libertus's impairments — including his allegations, the medical evidence, and a credibility determination (Tr. 14-17), and rendered an opinion as to the resulting RFC which is consistent with both 20 C.F.R. § 404.1545; and Social Security Ruling 96-8p. The ALJ found that Libertus could lift and carry ten pounds often and twenty pounds sometimes, that he can sit for six hours and stand or walk for the same amount of time, and do a full range of light work, excepting work involving extreme hot or cold, overhead work, fine finger work, or work with the general public. (Tr. 18-19). The ALJ's opinion as to Libertus's RFC is more favorable to plaintiff than the medical evidence as reflected in the opinion of consulting physician Dr. Kim. (Tr. 233-39). While Libertus might not be able do his old work, the ALJ found that he could perform other jobs which exist in significant

numbers in Kansas.  This finding is grounded on the testimony from a vocational expert who testified as to available jobs in light of limitations found to be credible by the ALJ.  The ALJ's questioning of the vocational expert included those credible limitations, the ALJ's conclusions are not in error, and the expert's testimony provides substantial evidence to support the ALJ's decision.

    IT IS ACCORDINGLY ORDERED this 30th day of March, 2005, that the appeal of the plaintiff-claimant Libertus is denied, and the decision of the Commissioner is affirmed.

                                            s/ J. Thomas Marten  
                                            J. THOMAS MARTEN, JUDGE